**United States District Court**
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   ONE BEACON INSURANCE COMPANY,              No. C 07–01779 WHA
11              Plaintiff,
12        v.                                    **ORDER DENYING MOTION TO**
                                                **STAY OR DISMISS AND**
13   PROMETHEUS REAL ESTATE GROUP,              **VACATING HEARING**
     INC.,
14
15              Defendant.
                                          /
16
17                          **INTRODUCTION**
18        In this insurance-coverage action, plaintiff One Beacon Insurance Company seeks
19   permission to withdraw providing a defense for defendant Prometheus Real Estate Group, Inc.
20   in a currently-pending state-law action.  Defendant fails to establish grounds for staying or
21   dismissing this action.  Accordingly, Defendant's motion is **DENIED.**  No further argument
22   being necessary, the hearing for this motion is **VACATED**.
23                           **STATEMENT**
24        Plaintiff One Beacon Insurance Company's predecessor, General Accident Insurance
25   Company of America, issued an insurance policy for defendant Prometheus Real Estate Group,
26   Inc., for annual periods beginning in May 1998, 1999 and 2000 (Compl ¶ 6).  The policy
27   provided coverage for "personal injury" to Prometheus.  Under the terms of the policy,
28   "personal injury" was defined as follows (*ibid.*):

**United States District Court**
For the Northern District of California

'Personal injury' means injury, other than 'bodily injury,' arising out of one or more of the following offenses:

A. False arrest, detention or imprisonment;

B.  Malicious prosecution;

C.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owners, landlord, or lessor;

D.  Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's good, products or services; or

E.  Oral or written publication of material that violates a person's right of privacy.

On November 7, 2006, defendant was sued in a separate action in San Mateo County Superior Court by a group of California residents in *Rodriguez, et al., v. Prometheus Real Estate Group, Inc.*, Case No. CIV 449994.  In the *Rodriguez* action, more than 50 plaintiffs seek class action status for a violation of California's Investigative Consumer Credit Reporting Act, Cal. Civ. Code Section 1786.1(b).  ICRAA was intended to ensure "that investigative consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  The plaintiffs in *Rodriguez* allege that defendant violated ICRAA by causing consumer reporting agencies to prepare reports containing "information on the subject's character, general reputation, personal characteristics, or mode of living" and not giving adequate notice to the plaintiffs (Compl. Exh. B at 6).  Each plaintiff in *Rodriguez* seeks an award of $10,000 per violation of ICRAA (*id.* at 7).  Plaintiff One Beacon has provided and funded defense counsel for Prometheus in the *Rodriguez* action.

Plaintiff filed the present action for declaratory judgment on March 29, 2007.  Plaintiff claims that it has no duty to defend or indemnify defendant in the underlying *Rodriguez* action since the *Rodriguez* plaintiffs' claims are not covered under defendant's insurance policy. Plaintiff therefore argues that it is entitled to withdraw its defense and that it is entitled to recover the defense costs already paid (Compl. ¶ 14).  This Court has jurisdiction under 28 U.S.C. 1332 and 2201 because plaintiff and defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000.

**United States District Court**
For the Northern District of California

**ANALYSIS**

As an initial matter, plaintiff filed an objection on August 10, 2007, to defendant's new arguments and evidence presented it its reply brief. For the first time, defendant argued that plaintiff cannot meet the required amount in controversy of $75,000 for its claim for reimbursement of defense costs (Reply at 1–3). Plaintiffs are correct that this argument is untimely and should have been presented in defendant's motion to dismiss or stay. Moreover, a single plaintiff is entitled to aggregate his claims against a single diverse defendant to reach the jurisdictional amount. *Hunter v. United Van Lines*, 746 F.2d 635, 650–51 (9th Cir. 1984). Accordingly, defendant's arguments regarding the amount in controversy are **STRICKEN**.

\*          \*          \*

Determining whether to stay an action for declaratory relief over which a federal court, as here, has statutory jurisdiction is a discretionary question for the district court:

> Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

In *Dizol*, the Ninth Circuit articulated the relevant factors in making this discretionary determination whether to retain jurisdiction over an action for declaratory relief. As a touchstone, a court should look to the so-called *Brillhart* factors: avoiding needless determination of state-law issues, discouraging forum shopping, and avoiding duplicative litigation. Additionally, a court may consider:

> . . . whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

1    *Dizol*, 133 F.3d at 1225 n. 5 (internal citations omitted); *see Brillhart v. Excess Ins. Co. of*

2    *America*, 316 U.S. 491, 495 (1942).

3                                  *               *               *

4            This Court recently denied a similar motion to stay or vacate a declaratory judgment

5    action pending resolution of an underlying state-court action.  In *Allstate Insurance Co. v.*

6    *Gillette*, 2006 LEXIS 35210 *9 (N.D. Cal. 2006), this Court held that the *Brillhart* factors did

7    not "tip toward staying the federal action" in a case where an insurance company sought to

8    withdraw from providing a defense of a car owner in a state law suit.  The order held that an

9    insurance coverage suit did not present issues that "are . . . particularly complex or novel," and

10   that such a case "does not seem to particularly invite forum shopping."  *Ibid.*  The real question

11   was "to what degree Allstate's action invites unnecessary, duplicative litigation."  *Ibid.*  Here,

12   as in *Allstate*, the potential for duplicative litigation is low.  The *Brillhart* factors therefore

13   weigh against a stay of this federal action.

14           **1.      STATE LAW ISSUES.**

15           Defendant suggests that the fact that this action will be governed exclusively by state

16   law issues should support federal abstention.  However, as in *Allstate*, the state law issues here

17   are not particularly complex or novel.  California courts have held that an insurance provider

18   can sue for declaratory relief from continuing defense of an underlying action.  *See*, *e.g.*, *Truck*

19   *Insurance Exchange v. Superior Court*, 51 Cal. App. 4th 985, 994 (1996) ("While the

20   underlying action is pending, the carrier can file an action for declaratory relief and attempt to

21   obtain a declaration that no duty to defend or indemnify exists.  Such a determination would

22   allow it to withdraw from the defense without subjecting the carrier to a claim of breach of

23   contract or bad faith").

24           The action at bar is not contingent on any further state-court proceedings and the

25   underlying suit does not address the coverage issue.  Allowing this action to proceed will

26   therefore not needlessly determine state law issues.  The first *Brillhart* factor therefore weighs

27   against abstention from this case.

28

**United States District Court**
For the Northern District of California

### 2.   FORUM SHOPPING.

Defendant also argues that plaintiff has engaged in forum shopping.  Defendant, however, has advanced no facts that suggest that plaintiff was in fact forum shopping.  This federal action was brought in the same district covering the local state court presiding over the underlying action.  As stated, the results of the instant litigation will have no pre-emptive effect on the outcome of the underlying action.  Where, as here, there is no evidence of forum shopping, this second *Brillhart* factor favors neither party.  *See*, *e.g.*, *Huth v. Hartford Insurance Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002) ; *see also First State Ins. Co. v. Callan*, 113 F.3d 161, 162 (9th Cir.1997) ("Although occasionally stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III.").  Accordingly, the second *Brillhart* factor does not weigh in favor of abstention.

### 3.   DUPLICATIVE LITIGATION.

Defendant asserts that the instant action is duplicative of the underlying action: "although the parties are not identical in the two cases, there are overlapping factual and legal questions" (Br. at 6).  This order holds, however, that the issues are not truly duplicative.  The complaint in the underlying action addresses violations of ICRAA, a state law which required defendant to notify consumers of any screening reports it asked consumer credit agencies to prepare.  Plaintiff here brings suit on the separate issue of whether or not defendant's insurance policy covers such ICRAA claims.  Plaintiff argues that "Personal injury coverage [under defendant's insurance policy] only encompasses 'oral or written publication of material that violates a person's right of privacy'" (Opp. at 5).  Moreover, plaintiff states that "[t]he underlying action against Prometheus does not state any cause of action for violation of privacy" (*ibid.*).

The underlying complaint does not contain any allegations of a "publication" or violation of a right to privacy.  Defendant argues that "Prometheus will show that there was 'personal injury' within the meaning of the Policy, and will be forced to take a position that could prejudice it in the Underlying Action" (Br. at 7).  Defendant's argument is not persuasive.

United States District Court

For the Northern District of California

1    Defendant can present evidence that the underlying complaint's allegations are covered under

2    the insurance policy without admitting that any of these underlying allegations are true.  The

3    two actions will therefore not be duplicative of the same issues.  The third *Brillhart* factor

4    therefore weighs against abstention.

5              **4.    OTHER *DIZOL* FACTORS.**

6              The other *Dizol* factors also weigh against abstention.  This declaratory relief action will

7    not necessarily settle all aspects of the controversy.  Defendant's alleged violations of the

8    ICRAA will obviously not be decided in this federal action.  But, as this Court said in *Allstate*,

9    2006 LEXIS 35210 *10, the coverage issues will be conclusively determined in this action.  The

10   second *Dizol* factor, "whether the declaratory action will serve a useful purpose in clarifying the

11   legal relations at issue," therefore weighs strongly in favor of plaintiff.  *Dizol*, 133 F.3d at 1225

12   n. 5.  Plaintiff is currently encumbered with the responsibility of defending the state-court

13   action.  If it turns out that defendant is not covered under the insurance policy, this burden

14   would be lifted.

15             This order also finds that the collateral estoppel factor does not weigh against

16   abstention.  As stated, this action and the underlying action will not require duplicative

17   resolution of legal issues.  Determining whether or not defendant's insurance policy covers

18   certain allegations will have no estoppel effect on an action to determine if those allegations

19   were in fact true.  Similarly, this order does not find that the parallel proceedings invite undue

20   entanglement between the state and federal courts.  The issues are sufficiently distinct in the

21   two actions that "the courts will not be stepping on each other's toes."  *See Allstate*, 2006

22   LEXIS 35210 *12.

23             Nor does consideration of convenience to the parties overwhelmingly favor defendant.

24   Certainly, battling two lawsuits at the same time is less than desirable.  Nevertheless, it is also

25   inconvenient for plaintiff to face uncertainty over whether it has a burden to defend the state-

26   court action and to continue paying out fees and to grapple with the question whether to pay its

27   own funds to settle the underlying claim.  If plaintiff obtains a favorable determination here, it

28   would alleviate that burden.

6

**CONCLUSION**

Defendant fails to show that the *Brillhart* or *Dizol* factors weigh in favor of abstention. For the foregoing reasons, defendant Prometheus' motion to stay or dismiss pending resolution of the underlying state action, is **DENIED**.  Because no further oral argument in this matter is necessary, the hearing for this matter is hereby **VACATED**.


**IT IS SO ORDERED.**


Dated:  August 13, 2007.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7